```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 11-21366-Civ-SEITZ
                              MAGISTRATE JUDGE P.A. WHITE
```

DUKENE MYRTIL,                  :

    Petitioner,             :

v.                              :        REPORT OF
                                                           MAGISTRATE JUDGE
KENNETH S. TUCKER[1],            :

    Respondent.             :
_____

## I. Introduction

Dukene Myrtil, who is presently confined at Santa Rosa Correctional Institution in Milton, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction case number F05-295-A from the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus with a memorandum and exhibits, and the Respondent's response to an order to show cause with appendix of exhibits.

## II. Procedural History

The petitioner was charged, along with a co-defendant, with

---

[1] Kenneth S. Tucker replaced Edwin G. Buss as Secretary of the Florida Department of Corrections and is substituted as party pursuant to Fed.R.Civ.P. 25(d).

1

two counts of attempted felony murder, one count of burglary with assault or battery, one count of carjacking and one count of aggravated fleeing at high speed with wanton disregard. (DE# 17-1, p. 15-21).

The petitioner was tried jointly with his co-defendant. The jury found the petitioner guilty of a lesser included offense of battery as to Count 1; not guilty of Count 2; guilty as charged of Count 3; guilty as charged of Count 4; and guilty as charged of Count 5. (DE# 17-1, p. 105-107). He was adjudicated guilty and sentenced to 364 days for Count one and life for Counts 3 and 4, and 30 years for Count 5. (DE# 16-1, p. 1-7).

On appeal the petitioner raised a single issue. (DE# 16-1, p. 8-24). He argued that the trial court abused its discretion in denying his motion for mistrial. The petitioner had moved for mistrial after an answer by a police officer witness was construed as a comment on the petitioner's right to remain silent. The appellate court affirmed the petitioner's conviction and sentence. Myrtil v. State, 979 So. 2d 1063 (3d DCA 2008).

On March 12, 2009, the petitioner filed a pro se petition for habeas corpus with the appellate court alleging ineffective assistance of appellate counsel. (DE# 16-1, p. 60-71). That petition was voluntarily dismissed on February 26, 2010. Myrtil v. State, 27 So.3d 670 (3d DCA 2008). On February 5, 2010, the petitioner then filed a second such petition contending that appellate counsel was ineffective for failing to argue that the trial court committed fundamental error in its instruction to the jury on voluntary manslaughter as a lesser included offense of attempted felony murder. (DE# 16-1, p. 86-97). On April 23, 2010, the appellate court denied the petition on the merits. Myrtil v.

State, 36 So.3d 107 (3d DCA 2010)(table).

On March 9, 2010, the petitioner filed a motion for post conviction relief in the trial court. (DE# 16-1, p. 113-152). In that motion he argued that trial counsel was ineffective for (1) failing to object to the use of "and/or" between his and the co-defendant's names in the jury instructions; (2) failing to present three purported alibi witnesses; (3) interfering with his right to testify; and (4) failing to conduct an adequate pretrial investigation. On July 22, 2010, the trial court denied the motion without an evidentiary hearing. (DE# 16-1, p. 144-152).

In denying the motion the trial court found that counsel was not ineffective for failing to object to the jury instruction because such an objection would have been overruled and the same instructions would have given to the jury. The court found that the record refuted the petitioner's claim that counsel failed to present alibi witnesses because the petitioner was asked if there were any witnesses he wanted called and responded in the negative. Similarly the trial court found that the petitioner's claim that counsel prohibited him from testifying was refuted by the colloquy of the petitioner regarding his desire to testify. The court denied the petitioner's claim of inadequate investigation by finding that the petitioner had failed to present any evidence that further investigation would have provided any exculpatory evidence. The petitioner appealed the denial of his motion. On January 19, 2011, the appellate court affirmed the denial of the motion. Myrtil v. State, 53 So. 3d 1041 (3d DCA 2011)(table).

The petitioner filed the instant petition on April 13, 2011.[2] He raises six issues. His first claim is that the trial court abused its discretion in denying his motion for mistrial after the state witness made a comment that could be construed as a comment on his right to remain silent. His remaining five claims are identical to those raised in his state petition for writ of habeas corpus and motion for post conviction relief as related above.

### III. Statute of Limitations and Exhaustion

The state properly concedes that the petition was filed timely and the all claims raised in the petition have been exhausted in state court.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001). As the Supreme Court continues to acknowledge, a habeas petitioner has a high hurdle to overcome. See Cullen v. Pinholster, ____ U.S. ____, 131 S.Ct. 1388, 1398 (2011)(acknowledging that Section 2254(d) places a difficult burden of proof on the petitioner). Harrington, 131 S.Ct. at 786-87 ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

show that the state court's ruling on the claim ... was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded agreement."); Renico v. Lett, ___ U.S. ___, 130 S.Ct. 1855, 1866 (2010)("AEDPA prevents defendants-and federal courts-from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts."); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(Section 2254(d) "demands that state-court decisions be given the benefit of the doubt.").

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual

findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

The petitioner raises several claims of ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. In the context of a guilty plea, the second prong of the Strickland test requires a showing that but for counsel's errors, the movant would not have pleaded guilty and would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and <u>Strickland's</u> two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, a petitioner must show the state court "applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. <u>Bell v. Cone</u>, 535 U.S. 685, 699 (2002).

## V. Discussion

### A. Motion for Mistrial

The movant's first claim is that the trial court abused its discretion when it denied his motion for mistrial. He argues that the officer's statement violated his right to remain silent.

This claim was raised on direct appeal and the appellate court affirmed the petitioner's conviction with a citation to <u>Ventura v. State</u>, 973 So. 2d 634 (Fla. 3d DCA 2008). In <u>Ventura</u> the court found that a comment on silence was subject to harmless error. <u>Ventura</u> at 637.

Under controlling Supreme Court precedent a comment on a defendant's right to remain silent is subject to harmless error analysis. <u>See</u> <u>Chapman v. California</u>, 386 U.S. 18, 24 (1967). Thus, although the appellate court did not specifically cite Supreme Court precedent it is apparent that the court applied the correct analysis to the petitioner's claim.

The petitioner was convicted after a jury trial where there was overwhelming evidence of his guilt. The petitioner was identified by the victim as one of the two men who assaulted him. (DE# 18-4, p. 73-74). Just minutes after the police received a report of the crime an officer encountered the victims car being driven by the petitioner at a high rate of speed as it ran a stop

sign.(DE# 18-5, p. 31). The officer began pursuing the vehicle and the petitioner fled from the police resulting in a high speed chase. (DE# 18-5, p. 31-35). At one point the petitioner drove the car directly at one of the officer's vehicle, striking and damaging the vehicle. (DE# 18-5, p. 81-83). After stopping, the petitioner continued to flee on foot and was subsequently apprehended with the assistance of canine units. (DE# 18-5, p. 46, DE# 18-7, p. 37). The police were able to match blood found on the defendant's shoes to the victim through DNA testing. (DE# 18-8, p. 156).

In addition to the overwhelming evidence, the trial court provided a curative instruction immediately after the officer's comment. (DE# 18-6, p. 95-96). It was pointed out that the petitioner had a right not to testify and the jury was advised to ignore the comment. The jury was also instructed, as a matter of course, that the petitioner had a right not to testify and that the state had the burden of proof. (DE# 18-9, p. 134).

In addition to the evidence of guilt and the curative instruction, the jury ultimately acquitted the petitioner on the charge for which the officer's comment was directed. The offending comment came when the officer was asked by defense counsel if the driver of the car "swerved to cause a head-on collision". The officer responded, "you would have to ask Mr. Myrtil about that." This exchange was directly related to the charge of attempted felony murder as set forth in Count 2. Count 2 related to the alleged attempt by the petitioner to hit the officer, the charge for which the jury found the petitioner not guilty. Thus the petitioner cannot establish that he was prejudiced by the comment.

Under these facts the state court properly denied this claim on direct appeal. The state established beyond a reasonable that

8

the arguably improper comment on the petitioner's right to remain silence was harmless. The state court's decision was not contrary to, or an unreasonable application of controlling federal precedent. Its decision was also based upon reasonable factual findings.

B. Voluntary Manslaughter Instruction

The petitioner's second claim is that his appellate counsel was ineffective for failing to argue that the trial court's instruction on the lesser included offense of voluntary manslaughter was fundamental error. This claim was denied by the appellate court in a simple per curiam opinion.

This claim is utterly without merit. Even if the instruction on voluntary manslaughter were erroneous, the petitioner cannot establish prejudice. As pointed out by the state in its response, this voluntary manslaughter instruction was given as to the two attempted felony murder counts. The jury acquitted the petitioner of one of these charges and found him guilty only of a substantially lesser offense on the other charge. It is clear that since the jury acquitted the petitioner of the lesser included offense of voluntary manslaughter that the inclusion of this instruction, even if erroneous, was not fundamental error and did not contribute to the petitioner's conviction for the lesser offenses. The state court's ruling on this claim was not contrary to, or an unreasonable application of, controlling federal precedent.

C. Jury Instruction Including "and/or"

The petitioner's third claim is that counsel was ineffective for failing to object to the court's use of "and/or" between his

name and the co-defendant's name in the jury instructions. He contends that had counsel objected this issue would have been preserved for review.

This claim was addressed in the petitioner's motion for post conviction relief. The state court found that, under Florida law, had counsel objected to the inclusion "and/or" the objection would have been overruled and the instructions would have gone to the jury as they were. The court further found that under Florida law the inclusion of the principal instruction, multiple counts/multiple defendants instruction and a separate verdict form for each defendant cured any possible error or defect. Such findings by a state court on state law questions are not subject to second guessing by federal habeas courts. See Callahan v. Campbell, 427 F.3d 897, 932 (11th Cir. 2005). Thus the state court's finding that the objection would have been overruled establishes the petitioner has not established either deficient performance or prejudice under Strickland. This claim must therefore be denied.

D. Failure to Call Alleged Alibi Witnesses

In his fourth claim the petitioner contends that trial counsel was ineffective for failing to investigate and call three alibi witnesses. He argues that, had counsel called these witnesses the outcome of the trial would have been different because they would have testified that the petitioner was with them at the time the crime was committed.

In denying this claim the state court found that the petitioner's allegations were refuted by the record. The court cited the trial transcript and colloquy of the petitioner where the court asked if the petitioner had provided his attorney with any witnesses he wanted called at trial. The petitioner responded that

that there were none. The trial court also noted that the petitioner indicated at the close of the state's case that there were no witnesses he wanted his attorney to call. The state court's ruling on this issue is supported by the record. It was not unreasonable for the state court to find that this claim was refuted by the record.

Even if the petitioner's claim were not clearly refuted by the record it would have failed on the merits. A close reading of the petitioner's state motion for post conviction relief shows that his alleged alibi witnesses were nothing of the sort. His first alibi witness, his sister, would only have been able to testify that the petitioner called her at about 10:30 to tell her that he would see her in about an hour. (DE# 16-1, p. 123). His second alibi witness, the mother of his child, allegedly would have testified that she was with the petitioner until about 10:45 when he drove off with the co-defendant. (DE# 16-1, p. 124). His third alibi witness allegedly would have also testified that he was with the petitioner at about 10:30 when the co-defendant came by and gave the petitioner a ride to the store. (DE# 16-1, p. 125). These allegations do not provide an alibi, the crimes for which the petitioner was convicted did not occur until sometime between 11:30 p.m. and midnight. (DE# 18-4, p. 65). This was approximately one hour after the alibi witnesses could allegedly account for the petitioner's whereabouts. Furthermore, the fact that the petitioner was identified by the victim and encountered driving the victim's car just minutes after the crime was reported would have countered the effectiveness that the alleged alibi witnesses' testimony would have had. Thus the failure to call these witnesses was not deficient performance and did not prejudice the petitioner.

11

E.  Right to Testify

In his fifth claim the petitioner contends that trial counsel was ineffective for failing to allow him to testify at trial. In his petition, the petitioner does not proffer his testimony had he been called to testify. However in his motion for post conviction relief in state court he claimed he would have testified that he was with the mother of his child until about 10:35 when his codefendant drove up in a green Toyota with several other individuals. The codefendant was giving him a ride to the store when a police car got behind them and activated its emergency lights. He claimed that at this point his codefendant advised him that the car was stolen. He claimed that he did not testify because his attorney threatened to withdraw from the case if he chose to testify.

As with claim four, the trial court denied this claim finding it was refuted by the record. The trial court referred to the colloquy conducted at the close of the state's case when the petitioner acknowledged that it was his own decision not to testify. The petitioner expressly acknowledged that he was not threatened or forced to make the decision not to testify. Again as found above with regard to claim four, the state court's finding that this claim was refuted by the record was not unreasonable.

Even if this claim were not refuted by record, the petitioner has failed to establish that counsel was ineffective for not having him testify. The petitioner's proffer does not account for the period of time when the crime occurred. He claims that he was picked up by his codefendant at approximately 10:35 and that the codefendant was driving a green Toyota. He claims that shortly thereafter he the police tried to pull them over. He does not account for the period of time from 10:35 until just after midnight

12

when the police tried to stop him. He also does not account for the fact that the vehicle he claims his codefendant was driving was green while the evidence at trial established that the victim's vehicle was silver. In short the petitioner's proffered testimony does not refute the evidence presented by the state at trial. Based on these facts, counsel's performance was not deficient nor was the petitioner prejudiced by his failure to testify.

F.  Failure to Conduct Investigation

In his sixth and final claim the petitioner contends that counsel was ineffective for failing to conduct an adequate investigation and obtain a video surveillance tape from a McDonald's restaurant. He claims that the video would show that he was at the restaurant with his alibi witnesses at the time of the crime. The petitioner has not established that such a video actually existed.

The state court denied this claim finding that as with claim four, it was refuted by the record. As noted above, the trial court's finding that the claim was refuted by the record was not unreasonable. At the trial the petitioner specifically stated that there were no other witnesses to testify and that he did not want to testify. The alibi claim was never presented by the petitioner until after his conviction. The state court also denied the claim finding that although the petitioner claimed a videotape existed, he presented no evidence in support of that claim. As such counsel could not be ineffective for failing to obtain something which had been proven to exist. This finding by the trial court was not unreasonable.

Additionally, the petitioner's claim that a videotape from the McDonald's would show that he was there between 11:30 and midnight

13

contradicts all of allegations regarding how he and his purported alibi witnesses would have testified if called at trial. All of the proffered testimony accounted for the petitioner's whereabouts only until approximately 10:30 on the night of the crime. The petitioner's proffer of his own testimony was that he went to McDonald's prior to 10:35. (DE# 16-1, p. 129). Thus his allegations are internally contradictory and do not support relief.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied and the case closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 20th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Dukene Myrtil, pro se
    DC#M56396
    Okaloosa Correctional Institution
    3189 Colonel Greg Malloy Road
    Crestview, Florida 32539-6708

    Timothy R.M. Thomas, AAG
    Office of the Attorney General
    444 Brickell Ave., Suite 650
    Miami, FL 33131